IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CT-3273-D

JACKIE SANDERS,                        )
                                       )
                    Plaintiff,         )
                                       )
        v.                             )     **ORDER**
                                       )
CALEDONIA CORRECTIONAL                 )
INSTITUTION, et al.,                   )
                                       )
                    Defendants.        )

On November 21, 2018, Magistrate Judge Numbers issued a Memorandum and Recommendation ("M&R") and recommended dismissing Jackie Sanders's ("Sanders" or "plaintiff") 42 U.S.C. § 1983 complaint for failure to state a claim [D.E. 16]. Sanders objected to the M&R [D.E. 17] and filed a "motion for assistance" [D.E. 15]. In his motion for assistance, Sanders seeks guidance from the court on how to proceed with his claims.

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (emphasis, alteration, and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted).

Sanders's objections reiterate arguments stated in his complaint, and his objections do not meaningfully address the M&R. Compare M&R [D.E. 16] 3–5, with Objs. [D.E. 17] 2–4. Indeed,

he concedes that his claims against most of the named defendants are not cognizable. See Objs. [D.E.17] 4. In any event, Sanders's objections fail. Sanders seeks to proceed with his claim that defendant Dr. Long provided him unwanted medical treatment. See Objs. [D.E. 17] 2-4. This negligence claim does not suffice to state an Eighth Amendment claim. See Estelle v. Gamble, 429 U.S. 97, 105–106 (1976); Johnson v. Quinones, 145 F.3d 164, 168 (4th Cir. 1998); see also McLean v. Casino, No. 5:13-CT-3065-FL, 2014 WL 4384037, at *4 (E.D.N.C. Sept. 3, 2014), aff'd, 589 F. App'x 214 (4th Cir. 2015) (per curiam) (unpublished); Hutchinson v. Razdan, No. 11-20159-Civ-COHN, 2013 WL 811882, at *7 (S.D. Fla. Jan. 29, 2013) (unpublished), report and recommendation adopted, 2013 WL 811879 (S.D. Fla. Mar. 5, 2013) (unpublished), aff'd, 561 F. App'x 795 (11th Cir. 2014) (per curiam) (unpublished). To the extent that Sanders alleges state law negligence or intentional tort claims, the court declines to exercise supplemental jurisdiction. 28 U.S.C. § 1367(c)(3); see Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988); United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966); ESAB Grp., Inc. v. Zurich Ins. PLC, 685 F.3d 376, 394 (4th Cir. 2012); Shanaghan v. Cahill, 58 F.3d 106, 110 (4th Cir. 1995).

In sum, the court OVERRULES Sanders's objections [D.E. 17], ADOPTS the conclusions in the M&R [D.E. 16], DENIES Sanders's motion for assistance [D.E. 15], DISMISSES Sanders's federal claim, DECLINES to exercise jurisdiction over Sanders's state law claims, and DISMISSES Sanders's state law claims without prejudice. The clerk shall close the case.

SO ORDERED. This 4 day of April 2019.

JAMES C. DEVER III
United States District Judge